IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DANIEL THOMASON SMITH | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-450 |
| WARDEN, FCC BEAUMONT LOW | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, Daniel Thomason Smith, a federal prisoner confined at the FCC Beaumont Low, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Factual & Procedural Background

Petitioner filed the above-referenced petition on August 19, 2021 (doc. # 1). Petitioner alleges the BOP has failed to place him in home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Petitioner contends further that he is eligible for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and placement in the Elderly Home Detention Pilot Program pursuant to 34 U.S.C. § 60541 ("compassionate release"). For relief, Petitioner requests this court "move [his] body to home confinement."

Respondent was ordered to show cause on September 27, 2021 (doc. # 6). On December 6, 2021, Respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (doc. # 12). Respondent argues the BOP has the sole discretion to determine Petitioner's request for placement in home confinement and any request of this court to make such a placement should be dismissed for lack of subject matter jurisdiction. As to Petitioner's requests for compassionate release, Respondent argues any such request should be filed with the sentencing court as it is a

request for modification of Petitioner's sentence. Finally, Respondent argues Petitioner failed to exhaust his administrative remedies with respect to his request for home confinement.

Standard of Review

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case." *M.J.L. v. McAleenan*, 420 F. Supp.3d 588, 593 (W.D. Tex. 2019) (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). Lack of subject matter jurisdiction may be found in any one of three instances "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *King v. U.S. Dept. of Veterans Affairs*, 728 F.3d 410, 413 (5th Cir. 2013) (citation omitted). The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

"The filings of a *pro se* litigant are to be liberally construed, ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Coleman v. United States*, 912 F.3d 824, 828 (5th Cir. 2019) (emphasis and alterations in original) (citation and internal quotation marks omitted). But "*pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam) (citation omitted).

### B. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'"  *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).  "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (alterations omitted) (quoting *Twombly*, 550 U.S. at 558).  A court reviewing a motion to dismiss under Rule 12(b)(6) may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201."  *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

**C.  Federal Rule of Civil Procedure 56**

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and one party is entitled to judgment as a matter of law.  FED. R. CIV. P. § 56(a).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admission on file, in the light most favorable to the non-movant.  *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and

affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. *Celotex*, 477 U.S. at 322-23; *ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted). Furthermore, there must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," unsubstantiated assertions, or the presence of a "scintilla of evidence" is not enough to create a real controversy regarding material facts. *See, e.g., Lujan,* 497 U.S. at 902; *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994); *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

## Analysis

**A. Home Confinement**

On March 27, 2020, the CARES Act was signed into law. Pub. L. No. 116-136. Prior to the CARES Act, the BOP was authorized to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Under the CARES Act:

> (2) HOME CONFINEMENT AUTHORITY.—During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(1)(B)(2).

On April 3, 2020, Attorney General William Barr issued a Memorandum "finding that emergency conditions are materially affecting the functioning of the [BOP]" and "expand[ing] the cohort of inmates who can be considered for home release." April 3, 2020 Memo from the Attorney General, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19, available at https://www.justice.gov/file/1267741/download (last visited June 30, 2022). Attorney General Barr instructed the BOP Director to review all inmates with COVID-19 risk factors - not only those who were previously eligible for home confinement - starting with inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where COVID-19 was materially affecting operations. *Id*. All at-risk inmates at such facilities who are deemed suitable for home confinement shall be immediately processed, transferred to an appropriate BOP facility for a 14-day quarantine, and released to home confinement. *Id*.

While the CARES Act allows the BOP Director to lengthen the amount of time a prisoner may be placed in home confinement, nothing in the Act grants individual prisoners the right to serve the remainder of their sentence in home confinement. The BOP still has exclusive authority to make such a determination. 18 U.S.C. § 3621(b); *see also Cheek v. Warden of Federal Medical Center*, 835 F. App'x 737, 739-40 (5th Cir. Nov. 24, 2020) (not designated for publication) ("[T]he pandemic did not create judicial authority to grant home confinement." § 12003(b)(2) "did not grant the court the necessary power to order [Petitioner] to be placed in home confinement."). Furthermore, no inmate has a constitutional right to be housed in a particular place or any constitutional right to early releases. *Id*. at 740 (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998); *Rublee v. Fleming*, 160 F.3d 213, 217 (5th Cir. 1998)).

While the BOP and the Attorney General have the discretion to consider the appropriateness of a request for home confinement, this vested authority "might not wholly eliminate a court's role in such decisions." *Cheek*, 835 F. App'x at 740 (citing *Melot v. Gergami*, 970 F.3d 596-599-600 (5th Cir. 2000)). "A challenge to the BOP's or Attorney General's interpretation of the statute would make judicial review appropriate." *Id*. The record here, though, is devoid of any indication as to the extent the BOP actually considered Petitioner for home-confinement as Petitioner failed to exhaust his administrative remedies. Petitioner's claim relating to his request for release to home confinement should be dismissed for lack of subject matter jurisdiction.

**B. Compassionate Release**

Petitioner also suggests the court should grant him a compassionate release in accordance with 18 U.S.C. 3582(c)(1)(A). Until recently, only the BOP could move to reduce a term of imprisonment for extraordinary and compelling reasons. In late 2018, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to file such a motion. 18 U.S.C. § 3582(c)(1)(A) (as amended). Extraordinary and compelling reasons could include medical conditions where "[t]he defendant is suffering from a terminal illness." U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 cmt. N.1 (U.S.SENTENCING COMM'N 2019). Extraordinary and compelling reasons could also include situations where the defendant is suffering from a medical or physical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id*. But a defendant may pursue a motion to modify a sentence for "extraordinary and compelling reasons" only when he "has fully exhausted all administrative rights" or after "the lapse of 30 days from the receipt of such a request [to modify a sentence] by the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A); *see Mohrbacher v. Ponce*, No. CV 18-00513-DMG, 2019 WL 161727 (C.D. Cal. Jan. 10, 2019) (discussing modifications made to § 3582(c)(1)(A) by the First Step Act); *United States v. Curry*, No. CR 6:06-082-DCR, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) (discussing same). And "[i]f petitioner . . . seeks to file his own motion for compassionate release, such a motion must be filed

in the sentencing court." *Brown v. Underwood*, No. 3:19-CV-1706-B-BN, 2019 WL 5580106, at *2 (N.D. Tex. Aug. 22, 2019), *report and recommendation adopted*, No. 3:19-CV-1706-B, 2019 WL 5579198 (N.D. Tex. Oct. 28, 2019) (quotation marks and citations omitted); *see also Dillon v. United States*, 560 U.S. 817, 827 (2010).

As this court did not sentence Petitioner, it cannot grant him relief under § 3582(c)(1)(A). Furthermore, as Petitioner does not allege he is in custody as a result of a constitutional violation but rather seeks early release or home confinement based solely on his medical condition and the threat to his health posed by the COVID-19 pandemic. "[a] compassionate release request is not a matter of illegal or unconstitutional restraint." *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009). Thus, a petition under § 2241 is not the proper means by which Petitioner may obtain the relief he seeks. Petitioner's claim seeking compassionate release must also be dismissed for lack of subject matter jurisdiction.

## C. Exhaustion

A district court has authority to grant a writ of habeas corpus if a prisoner is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241. Although the statute does not explicitly require prisoners to exhaust available administrative remedies before filing a petition, the United States Court of Appeals for the Fifth Circuit has held that prisoners must exhaust available remedies before seeking relief in court. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). In order to satisfy the exhaustion requirement, "a prisoner must complete the administrative process in accordance with applicable procedural rules . . . ." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). As a result, inmates must exhaust their administrative remedies in a procedurally correct manner. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

As argued by Respondent, Petitioner did not properly exhaust his administrative remedies with respect to his request for home confinement before filing this § 2241 habeas petition. *See*

Declaration of Nancy Bobs, Exhibit A (doc. # 12-1).[1]  Respondent has submitted competent summary judgment evidence demonstrating Petitioner has not exhausted his administrative remedies as to his complaint that the BOP failed to properly consider him for home confinement. Respondent's Motion for Summary Judgment for failure to exhaust administrative remedies should be granted.

## Recommendation

This petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 should be dismissed for lack of subject matter jurisdiction and for failure to exhaust administrative remedies.

## Objections

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Assoc'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 5th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner failed to file a BP-8 (informal resolution) and BP-9 (appeal to warden) before filing a BP-10 at the regional level.  *Id*.  Petitioner's BP-10 was rejected and Petitioner was instructed to first attempt informal resolution at the institution level.  After receiving the response to his BP-10, Petitioner never attempted to rectify the error *Id*.